765 F.2d 146
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SAMUEL EUGENE STULTS, PETITIONER,
v.
DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, U.S.
DEPT. OF LABOR, RESPONDENT.
 84-4021
 United States Court of Appeals, Sixth Circuit.
 5/3/85
 
 ORDER
 BEFORE: ENGEL, KEITH, and KRUPANSKY, Circuit Judges.
 
 
 1
 This cause is before the Court upon the respondent's motion to dismiss the petition for review of the Benefits Review Board's October 18, 1984 order denying the petitioner's claim brought under the Black Lung Benefits Act, 30 U.S.C. Sec. 901, et seq. The respondent alleges that the petition for review was filed untimely and this Court lacks jurisdiction.
 
 
 2
 The petitioner's attorney alleges that if the petition was filed untimely, it is due to detrimental reliance on information from the Benefits Review Board and this Court in reference to the last date to file a timely petition. The allegation is without merit.
 
 
 3
 Given consideration to the respondent's allegation, this Court agrees with the respondent. The petitioner failed to petition this Court for review within sixty (60) days of the issuance of the Benefits Review Board's order pursuant to 33 U.S.C. Sec. 921(c). The order was issued on October 18 and the time began to run on October 19. In order to be timely, the petition was to be received by this Court no later than December 17. Accord, Kahler-Ellis Co. v. Ohio Turnpike Commission, et al., 225 F.2d 922 (6th Cir. 1955); Rule 25(a), Federal Rules of Appellate Procedure. The petition was not received until December 26, nine days late. Unfortunately, the petitioner did not request his attorney to file for review until December 18. Accordingly, this Court lacks jurisdiction to review the matter. Pittston Stevedoring Corp. v. Dellaventura, 544 F.2d 35, 42-47 (2d Cir. 1976), aff'd sub nom. Northeast Marine Terminal Co., Inc. v. Caputo, 432 U.S. 249 (1977).
 
 
 4
 Therefore, it is ORDERED that the respondent's motion to dismiss be and hereby is granted.